**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID HERNANDEZ, | No. 09-15370 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-00280-GEB-GGH |
| v. | |
| JOSEPH MCGRATH, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted May 12, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

David Hernandez appeals the district court's partial denial of his 28 U.S.C. §

2254 habeas corpus petition challenging his California convictions and sentences

arising from two gang shootings. We have jurisdiction pursuant to 28 U.S.C. §§

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1291 and 2253. We review the district court's denial of the petition de novo, *Fernandez v. Roe*, 286 F.3d 1073, 1076 (9th Cir. 2002), and affirm.

Petitioner asserts that the California Court of Appeal unreasonably applied *Chapman v. California*, 386 U.S. 18 (1967), by holding that a discovery sanction imposed on the petitioner was harmless beyond a reasonable doubt. The California Court of Appeal did not unreasonably hold that any error in connection with the sanction was harmless beyond a reasonable doubt; the evidence of guilt was very strong and the alibi defense highly dubious, if not demonstrably false.

For the same reasons, the Court of Appeal did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), by holding that defense counsel's conduct giving rise to the sanctions did not prejudice the defendant, and therefore did not amount to ineffective assistance of counsel.

Petitioner argues that the California Court of Appeal unreasonably applied *Darden v. Wainwright*, 477 U.S. 168 (1986), with respect to the claim that the prosecutor committed misconduct by referring to excluded evidence during his closing argument. The California Court of Appeal reasonably rejected the claim because the prosecutor's statement was vague and singular; the trial court immediately instructed the jury to disregard the statement; and there was overwhelming admissible evidence of petitioner's gang activities.

Finally, petitioner argues that the California Court of Appeal unreasonably applied *Montana v. Egelhoff*, 518 U.S. 37 (1996), by holding that the trial court did not violate due process by excluding a dying declaration that was purportedly relevant to rebut petitioner's motive. In light of all of the other evidence of gang motives for both shootings, including the gang-related statements made before both shootings in this case, the Court of Appeal reasonably concluded that the exculpatory value of the dying declaration was low, and its exclusion did not violate due process.

AFFIRMED.